UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINA MALEY,<br><br>                              Plaintiff,<br>   -vs-<br><br>FULTON, FRIEDMAN & GULLACE, LLP,<br><br>                             Defendant. | *Civil Action No:*_____ |

## COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff Maley brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") and New York General Business Law §349 which makes deceptive business acts and practices unlawful.

### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Plaintiff's claims under New York General Business Law §349 are predicated upon the same facts and circumstances giving rise to her federal cause of action. As such, this Court possesses supplemental jurisdiction over these claims, pursuant to 28 U.S.C. §1367.

4. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendants transact business here and the conduct complained of occurred here.

### PARTIES

5. Plaintiff Christina Maley is a natural person residing in the County of Monroe, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant Fulton, Friedman & Gullace, LLP (hereinafter "Fulton") is a domestic registered limited liability partnership organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Any and all acts of the Defendants hereinafter alleged were performed by Defendants' employees, while under the scope of the Defendants' actual or apparent authority.

### FACTUAL ALLEGATIONS

8. That Plaintiff Maley allegedly incurred and later allegedly defaulted on a debt to Value City Furniture. Said alleged debt will hereinafter be referred to as "the subject debt."

9. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

10. That upon information and belief, the subject debt account was subsequently sold to Defendant Asset Acceptance, LLC (hereinafter "Asset Acceptance").

11. That upon information and belief, Asset Acceptance subsequently employed Defendant Fulton to attempt to collect the subject debt.

12. That shortly thereafter, Defendant Fulton began placing repeated daily telephone calls to Plaintiff Maley's telephone in an attempt to collect the subject debt.

13. That in July of 2009, Defendant Fulton served Plaintiff Maley with a summons and complaint seeking to recover payment for the balance allegedly owed.

14. That upon receipt of the aforementioned summons and complaint, Plaintiff Maley called and spoke with a representative for Defendant Fulton, named "Anais" *(proper spelling unknown)*. During the course of the conversation that ensued, Plaintiff disputed the validity of the subject debt, explained that she had repeatedly done the same with Asset Acceptance and requested that documentation be provided so that the matter could be resolved amicably. However, Defendant refused to do so, rudely proclaiming that Plaintiff already had over six (6) years to pay the subject debt. After several more requests, Defendant finally agreed to request documentation for the debt from the alleged original creditor.

15. That despite the Defendant's aforementioned statement, Plaintiff Maley did not and could not have had six (6) years to pay the subject debt, because she would have been a minor at the time the agreement was entered into. Additionally, if Defendant believed their

representations were in fact true, then they knowingly and deliberately filed a lawsuit beyond the time permitted by the applicable statute of limitations.

16. That prior to the conclusion of the aforementioned telephone call, Plaintiff Maley asked Defendant Fulton whether she needed to do anything with regards to the summons and complaint she received because she did not want a judgment to be wrongly entered against her. Defendant stated that Plaintiff need not worry, and that "nothing [would] happen" until the documentation requested by Plaintiff Maley was obtained. Defendant Fulton also stated that it would "make a note in the system" regarding the request, so that they would not proceed with the lawsuit in the meantime.

17. That on or about August 7, 2009, Plaintiff Maley again received a copy of the summons and complaint in the mail. Upon receipt of these documents, Plaintiff made multiple attempts to contact Defendant Fulton by telephone to determine why she was receiving additional documentation regarding the lawsuit, but was forced to leave messages on each occasion.

18. That several days and several attempts later, Plaintiff Maley finally spoke with a representative for Defendant Fulton, named "Alicia" *(proper spelling unknown)*. Said representative notified Plaintiff at that time that Defendant Fulton had not received any documentation validating the subject debt, but that they were "still moving forward with a judgment by the end of the month" *(or words to that effect)*. When Plaintiff attempted to protest, Defendant admitted that it was "unfair" but then curtly replied, "but it's not our problem."

19. That as the aforementioned conversation with "Alicia" continued, Defendant repeatedly stated that Plaintiff already "had six (6) years to pay" and eventually told Plaintiff Maley that it was "too late to go to the courthouse and do anything about it" *(or words to that effect)*.

20. That despite the aforementioned representation, Plaintiff Maley still had time to file an answer to the complaint filed by Defendant on behalf of Asset Acceptance and therefore able to prevent a judgment from being entered against her.

21. That as a result of Defendant's conduct, Plaintiff became extremely worried that she had been deceived into allowing a default judgment to be entered against her and otherwise incurred actual damages.

3

## COUNT ONE – FDCPA VIOLATIONS

22. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

23. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. 1692d(2) by using language the natural consequence of which was to abuse Plaintiff Maley:

    a. By repeatedly making false proclamations that Plaintiff had over six (6) years to pay the alleged subject debt;

    b. By telling Plaintiff Maley that Defendant was "still moving forward with a judgment by the end of the month" *(or words to that effect);*

    c. By admitting that it was "unfair" that Defendant had proceeded with their litigation attempts despite their earlier representations that they wouldn't but by adding, "but it's not our problem"; and

    d. By stating that it was "too late to go to the courthouse and do anything about it" *(or words to that effect).*

24. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly and continuously causing Plaintiff Maley's telephone to ring with the intent to annoy, abuse and harass her.

25. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(10) and 15 U.S.C. §1692e(15) by using false, deceptive and/or misleading representations in an attempt to collect the disputed subject debt:

    a. By falsely proclaiming, on more than one occasion, that Plaintiff already had over six (6) years to pay the alleged subject debt;

    b. By falsely leading Plaintiff Maley to believe that she would not be required to file an answer to the lower court lawsuit by (i) telling Plaintiff she did not have to worry because "nothing [would] happen" until the documentation requested was obtained, and (ii) by falsely stating that Defendant Fulton would "make a note in the system" regarding Plaintiff's situation so that Defendant would not proceed with the lawsuit in the meantime; and

    c. By leading Plaintiff Maley to believe that Defendant was able to/going to obtain a judgment against her without Plaintiff being able to prevent it, when Defendant (i) stated that it was "still moving forward with a judgment by the end of the month"

4

*(or words to that effect)*, and (ii) by telling Plaintiff that it was "too late to go to the courthouse and do anything about it," *(or words to that effect)*.

26. Defendant violated 15 U.S.C. §1692, 15 U.S.C. §1692, 15 U.S.C. §1692 and 15 U.S.C. §1692f by using unfair means in an attempt to collect the alleged subject debt by using false representations to try to obtain a default judgment against Plaintiff Maley or conversely by filing suit on a debt that Defendant believed to be over six (6) years old, despite the fact that to do so would have been beyond the applicable statute of limitations.

27. That as a result of Defendant's conduct, Plaintiff became extremely worried, offended and otherwise suffered from emotional distress.

### COUNT TWO – N.Y. GEN. BUS. LAW VIOLATIONS

28. That the aforementioned acts of the Defendants have violated the General Business Law of the State of New York.

29. New York General Business Law §349 prohibits the use of deceptive acts and/or practices when conducting business.

30. Defendants violated New York General Business Law §349 by attempting to mislead Plaintiff Maley as to the legal status of the alleged subject debt in order to obtain a default judgment against her, especially if Defendant in fact believed the subject debt was over six (6) years old, because Defendant's lawsuit to recover the subject debt would have been time-barred by the applicable statute of limitations.

31. That as a result, Plaintiff incurred actual damages, including but not limited to, emotional distress.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Maley respectfully requests that this honorable Court enter judgment against each of the Defendant for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1) and N.Y. Gen. Bus. Law §349(h);

(b) Statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and N.Y. Gen. Bus. Law §349(h);

(d) Trebling of actual damages up to a maximum of $1,000.00, pursuant to N.Y. Gen. Bus. Law §349(h); and

(e) For any and all additional relief as this honorable Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiff Christina Maley demands a trial by jury in this action.

Date: May 10, 2010

/s/ Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiff*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
716.200.1520